*Attorney-general, for appellant.   J. P. Hobson, for appellee.*

---

FARMERS' BANK OF KENTUCKY *v.* LOUISVILLE, CINCINNATI AND LEXINGTON R. CO.

**Attachment—Garnishment.**

> After the service of a garnishee notice on a person indebted to a defendant, such garnishee may legally pay to such defendant the amount of its indebtedness in excess of the sum demanded by plaintiff from the defendant.

**Garnishee.**

> The service of a notice on a garnishee defendant when he is indebted to the defendant does not amount to attaching a specific fund nor does it constitute a lien on the fund. It merely prevents the garnishee from paying the fund to the defendant, and if the garnishee becomes insolvent, the plaintiff is only on an equal footing with other creditors.

APPEAL FROM LOUISVILLE CHANCERY COURT.

October 4, 1876.

OPINION BY JUDGE PRYOR:

The Farmers' Bank of Kentucky (appellant) loaned to the Chesapeake and Ohio R. Co., a nonresident corporation, thirty thousand

dollars, and upon its failure to pay the debt at maturity instituted an action on the note, and obtained an attachment. It is alleged in the petition that the Louisville, Lexington and Cincinnati R. Co. is indebted to the Chesapeake and Ohio R. Co. in the sum of $200,000; and the plaintiff (appellant) asks that the amount of its debt, interest and costs be adjudged against the Louisville, Lexington and Cincinnati R. Co. out of what it owes the Chesapeake and Ohio road.

An ordinary attachment was issued, directing the officer to attach sufficient property of the debtor to satisfy the sum of $30,930, the debt interest and probable cost of the action, and to summon the garnishee. The Louisville, Cincinnati & Lexington R. Co. was summoned by the delivery of a copy of the attachment and summons to the president, Wilder; and there was also delivered to Wilder, as president of the road, a copy of the attachment, etc., with an indorsement notifying him of the object of the action, viz.: "to attach all money, property, chose in action, etc., in his hands or under his control, belonging to the debtor."

The Louisville, Cincinnati & Lexington R. Co., at the time of the service on its president, was indebted to the Chesapeake and Ohio road in the sum of two hundred thousand dollars. This indebtedness was admitted, and the attachment being sustained, a judgment was rendered against the Louisville, Cincinnati and Lexington R. Co. for the amount of the note, interest and costs. Upon this judgment an execution was issued, and was returned no property found; and now the appellant (the bank) has instituted the present action seeking to make Wilder, the president of the Louisville, Cincinnati, and Lexington R. Co., individually liable, the last-named company being insolvent. After this company had been summoned as garnishee, and the notice served on its president, the company, by its officers, its president and directors, paid to the Chesapeake and Ohio road all of its indebtedness to that road, except the amount garnisheed in its hands, retaining that much of the debt to answer the final outcome of the litigation. The appellant insists that the payment of the money after service of the attachment makes the president personally liable for its debt.

There is no proof of fraud in the case, or of the existence of any combination between these appellees and the directors of the corporation, that was the real or original debtor, to prevent the appellant from making its debt; and the principal ground relied on for a recovery is that the appellant had a lien on the whole indebtedness from the one company to the other. There was no specific fund at-

tached, nor any property seized, and the appellant was only asking to be permitted to make its debt out of the Louisville, Cincinnati and Lexington R. Co., the debtor of the Chesapeake and Ohio R. Co., or in other words to stand in the shoes of the debtor with the right to coerce payment out of the property of the garnishee. This right the appellant was entitled to when the attachment was sustained; and the means of supporting it is in the judgment of the court requiring the Louisville, Cincinnati and Lexington R. Co. to pay the debt. If the company had not paid one dollar of its indebtedness to the Chesapeake and Ohio R. Co., the identical judgment would have been rendered, and the debt owing by the garnishee applied to the payment of the debt owing the appellant.

The Louisville, Cincinnati and Lexington R. Co., if the facts authorized it, might have been required to bring the money into court by rule, but this was not done; and the appellant, as the case is now presented, can only enforce the claim against the garnishee as any other creditor could have done. It had no lien on the garnishee's estate, and had only acquired the right, by reason of the attachment, to say to the garnishee, "You must not pay this much of your debt to the Chesapeake and Ohio R. Co. or to any creditor of that company. My attachment gives me alone the right to demand payment." The garnishment gave to the appellant an equitable right to this debt as against the other creditors of the debtor. The fact that the Louisville, Cincinnati and Lexington R. Co. had been summoned as garnishee did not prevent it from paying its debts, or giving to the appellant a lien upon the property or earnings, or placing the appellant in any better condition than any other creditor of the company; and if the garnishee is insolvent the appellant must abide its fate with the other creditors. The garnishee, having admitted the indebtedness, became liable for the debt upon the attachment being sustained, and that liability is not questioned.

The appellant is proceeding upon the idea that it has a lien upon a particular fund to pay its debt, and that the appellee held the fund in trust for its benefit, and that $200,000 of the garnishee's money or property had been set apart by reason of the proceeding as a fund out of which the demand must be satisfied. This is a mistaken view of the case. All that appellant acquired was the right to appropriate so much of the debt due the garnishee as would satisfy its own debt, and this appropriation has been made by the judgment rendered. No lien exists upon the garnishee's property, and the creditor is only substituted to the rights of his debtor, and has no preference

over any other creditor of the garnishee except in so far as he may acquire it by the levy of his execution.

If no payment had been made by the Louisville, Cincinnati and Lexington R. Co. to the Chesapeake & Ohio R. Co., the judgment would not have directed that $200,000 of the garnishee's property be set apart to pay it, but only a judgment rendered against the garnishee for the amount of appellant's debt, interest and costs. The appellee acted in good faith. It refused to pay over the amount guaranteed in the hands of the company, and recognized the liability of the company to pay it. This is all the appellant has asked, and it can demand no more. Where a particular fund is attached or the party restrained from paying any part of it over, or where specific property is attached, the lien exists; and such is the authority relied on by counsel.

In this case the company and its officers were only required by the suit itself to retain so much of their indebtedness as would satisfy appellant's claim. This was done, and now, as the company has become solvent, it is maintained that the president is individually liable because he, together with the directors, paid or directed to be paid to the Chesapeake and Ohio R. Co., the balance of its debt. Such is not the law.

The railroad company is liable, but no individual responsibility rests upon its officers.

The judgment is *affirmed*.

*A. J. James, Muir, Bijou & Davie, for appellant.*
*James Speed, for appellee.*